```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARLAND GRAVES,

                        Petitioner,

    -against-                            09 Civ. 5837 (RMB) (THK)

RAYMOND J. CUNNINGHAM,             **DECISION & ORDER**

                        Respondent.
------------------------------------------------------------X

## I.  Background

On or about September 10, 2009, Garland Graves ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 against Raymond J. Cunningham, Superintendent of the Woodbourne Correctional Facility ("Respondent"), challenging Petitioner's June 23, 2005 conviction, following a jury trial in New York State Supreme Court, New York County ("Supreme Court"), for criminal sexual act in the first degree in violation of New York Penal Law § 130.50(2). (Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus, dated Sept. 10, 2009 ("Pet.") at 1.) Petitioner was sentenced to a ten year term of imprisonment followed by five years of postrelease supervision. (See Tr. of State Ct. Proceedings, dated June 23, 2005, at 17:8–18:11.) On February 13, 2007, the Supreme Court, Appellate Division, First Department affirmed Petitioner's conviction. See People v. Graves, 830 N.Y.S.2d 82, 83 (1st Dep't 2007).

Petitioner argues, among other things, that: (1) the prosecutor violated Petitioner's Fifth and Fourteenth Amendment rights by "allow[ing] [the prosecutor's] key witness [i.e., the victim] to commit perjury" and by improperly "exploit[ing] key witness trial testimony in . . . summation"; (2) Petitioner's trial counsel, Douglas B. Lyons, Esq. ("Lyons"), was ineffective because he "failed to impeach the key witness," "failed to object to the prosecut[or's]

1

misrepresentation of certain material facts," and failed to cross examine certain key witnesses; and (3) there was a "serious conflict of interest" between Petitioner and Lyons due to Petitioner's "numerous . . . complaints against" Lyons. (Pet. ¶¶ 1–15.)

On December 30, 2009, Respondent filed an opposition ("Opposition") arguing, among other things, that: (1) Petitioner has failed to establish that "any alleged misconduct on the part of the prosecutor caused [Petitioner] 'substantial prejudice'"; (2) certain of Petitioner's ineffective assistance claims relating to his trial counsel "are barred by an independent and adequate state law ground" and all claims relating to his trial counsel "are also without merit"; and (3) Petitioner's conflict of interest claim is "procedurally barred" and "meritless". (Opp'n to the Pet., dated Dec. 30, 2009 ("Opp'n"), at 30, 39, 41, 43.)

On or about January 15, 2010, Petitioner filed a reply. (See Reply, dated January 12, 2010.)

On May 26, 2010, United States Magistrate Judge Theodore H. Katz, to whom this matter was referred, issued a thorough Report and Recommendation ("Report"), recommending that the Petition be denied because, among other reasons: (1) "the prosecutor's arguments in summation were legitimate responses to defense counsel's arguments, and they were neither inflammatory nor materially inaccurate" and "there was no evidence that the prosecutor suborned perjury from the victim"; (2) "the state court found that [P]etitioner received effective assistance 'under the Federal and State Constitutions'" and that "decision . . . was neither contrary to, nor an unreasonable application of the Strickland [v. Washington, 466 U.S. 668 (1984) ("Strickland")] standard," and, in any event, "there is no basis to conclude that defense counsel [i.e., Lyons] acted unreasonably, or that his alleged inadequacies had any impact on the results of Petitioner's trial"; and (3) "[s]ince Petitioner has failed to establish the existence of an actual or potential

2

conflict that adversely affected his counsel's performance, his conflict of interest claim should be dismissed." (Report at 3, 21, 32, 41, 44, 50–51.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this report to file written objections." (Report at 52.) On or about June 6, 2010, Petitioner filed objections arguing, among other things, that Judge Katz issued the Report "upon a[n] incomplete record of the proceedings." (Objections, dated June 6, 2010 ("Objections"), at 1.)[1]

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c); see also Gross v. United States, No. 07 Civ. 11298, 2009 WL 2195976, at *1 (S.D.N.Y. July 21, 2009). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will

---

[1] Though Petitioner's pro se filing is titled "motion for re-consideration," it is more in the nature of objections made pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and is being treated as such. See Rodrigques v. Holder, No. 09 Civ. 1764, 2010 WL 830929, at *3 (M.D. Pa. Mar. 4, 2010).

3

"interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Katz are supported by the record and the law in all respects.[2] See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.

Preliminarily, Petitioner fails to identify any document(s) that Judge Katz overlooked or to demonstrate any prejudice. See Van Stuyvesant v. Conway, No. 03 Civ. 3856, 2007 WL 2584775, at *37 (S.D.N.Y. Sept. 7, 2007) ("Petitioner has failed to specify how any purportedly missing pages of the [record] would show that he, in fact, preserved certain issues for appellate review. . . . Petitioner's claim of prejudice is purely speculative[.]"); see also Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Judge Katz properly concluded that "the prosecutor's arguments in summation were legitimate responses to defense counsel's arguments, and they were neither inflammatory nor materially inaccurate." (Report at 44, 49); see Brown v. Senkowski, No. 97 Civ. 3862, 2004 WL 2979792, at *14 (S.D.N.Y. Dec. 14, 2004); see also United States v. Tutino, 883 F.2d 1125, 1137

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

(2d Cir. 1989). Judge Katz also determined that "there was no evidence that the prosecutor suborned perjury from the victim" because "many of [the victim's] statements were not inconsistent and, where they were, they differed on minor details." (Report at 50–51); see Warren v. Ercole, No. 07 Civ. 3175, 2007 WL 4224642, at *10 (E.D.N.Y. Nov. 27, 2007).

Judge Katz also properly concluded that the state court reasonably applied Strickland because, among other reasons, "it is clear from the record that Petitioner's counsel provided vigorous and skillful representation throughout the trial." (Report at 42, 44); see Vadas v. United States, 527 F.3d 16, 22 (2d Cir. 2007) ("We abide by a 'strong presumption that counsel[s] conduct falls within the wide range of reasonable professional assistance,' as there are 'countless ways to provide effective assistance in any given case'") (citation omitted); Morgan v. Ercole, No. 06 Civ. 3716, 2009 WL 3805309, at *5 (E.D.N.Y. Nov. 12, 2009).

Judge Katz also properly concluded that "Petitioner has never explained the reasons why he was dissatisfied with his attorney's performance, nor referenced a disagreement that constituted an actual conflict of interest." (Report at 41); see United States v. Levy, 25 F.3d 146, 157 (2d Cir. 1994) (to prevail on a Sixth Amendment claim relating to an alleged conflict of interest, a petitioner must prove that "actual conflicts adversely affected [counsel's] performance"); see also Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).

## IV.   Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V.   Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety and the Petition is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
July 27, 2010

*RMB*
RICHARD M. BERMAN, U.S.D.J.